## BAKER et v VAN ARSDALE et

Ohio Appeals, 9th Dist, Lorain C∮

No 774. Decided May 3, 1936

Locher, Green & Woods, Cleveland, for plaintiffs in error.

Richard S. Horan, Elyria, for defendants in error.

## OPINION

By STEVENS, J.

This cause, which involves the construction of a will, is before this court upon error proceedings, prosecuted from the Court of Common Pleas, wherein Frank H. Van Arsdale, as executor, was plaintiff, and the other parties herein were defendants.

Nothing other than the will itself was before the trial court, no other evidence having been offered by either plaintiff or defendants; and that court held that item 2 of said will devised a fee simple interest, and that items 3 and 4 were void for repugnancy. Said will contained the following provisions:

"Item 2. I give, devise and bequeath to my beloved husband, Frank D. Herrington, all my property, both personal and real estate, of which I may die possessed, to be his absolutely.

"Item 3. I give, devise and bequeath to said Frank D. Herrington the full use and enjoyment of all personal and real estate owned by me at the time of my decease for and during his natural life.

"Item 4. At the decease of my said husband, I give, devise and bequeath all such properties in equal shares to Vera Coniom, Genevieve Comerford Vernon Comerford, Beulah Rogers, Rhoda Rogers, Beatrice Hummerick, Frank Baker, Ward Baker, Carl Baker, Bertha Baker wife of Clarence Baker and each of her children, all above named shall share and share alike."

There being no "surrounding circumstances" here shown, and no other item of the will except as above set forth indicating the intention of the testator, recourse to those items must be had to determine the intention of the testator.

. Item 2, in our opinion, disposes of a fee simple estate, and Item 3 attempts to dispose of a life estate, with item 4 providing for the remainder interests. There is accordingly presented a case of utterly irreconcilable provisions of a will. Where such repugnancy exists, the rule is well established as follows:

"1. * * * if the two provisions are absolutely irreconcilable, and a fee in the first devisee is clearly and unmistakably given, a limitation over must be rejected, because, if the testator has given the whole estate in fee simple, he has nothing to give in remainder. It is settled that a remainder cannot be ingrafted on a fee."

**Stophlet, Exrx. v Stophlet et, 22 Oh Ap 327 (4 Abs 644).**

Upon the authority of the above case, the judgment of the trial court must be affirmed.

Judgment affirmed.

FUNK, PJ, and WASHBURN, J, concur in judgment.